IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR QUINONES-RUIZ,<br><br>   Plaintiff<br><br>   v.<br><br>MARTIN J. ALMESTICA-LOPEZ, et al.,<br><br>   Defendants | CIVIL NO. 09-1430 (JAF/JP) |

## OPINION AND ORDER

Before the Court is Victor Quinones-Ruiz's ("Quinones-Ruiz") petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 3). On September 7, 2011, Respondent Secretary of Justice filed a Motion to Dismiss (**Docket No. 22**). Petitioner did not file an opposition. For the reasons stated herein, the Court hereby **GRANTS** Respondent's motion to dismiss and **DISMISSES** the petition for a writ of habeas corpus.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a convicted felon currently incarcerated at the Maximum Security Correctional Complex in Guayama, Puerto Rico. Defendants are Martin J. Almestica-Lopez, the Warden of the Maximum Security Correctional Complex, Antonio Sagaldia, the Attorney General

CIVIL NO. 09-1430 (JAF/JP)        -2-

of the State. On May 11, 2005, Petitioner pled guilty in the Puerto Rico Superior Court of Utuado to murder in the first degree, conspiracy, home robbery, motor vehicle robbery, damages, carrying and using firearms without a license, shooting or aiming a firearm and carrying and using stabbing weapons. That same date, he was sentenced to 105 years plus two days in prison. Petitioner never directly appealed this sentence. On April 9, 2007, Petitioner did file a motion under Rule 192.1 of the Puerto Rico Rules of Criminal Procedures in the Superior Court of Utuado claiming that he received inadequate and ineffective assistance of counsel and that his guilty plea was obtained illegally and deceitfully by his attorney. He received an evidentiary hearing, but his motion was denied on September 26, 2007. Subsequently, Petitioner appealed to the Puerto Rico Court of Appeals, but his motion was again denied on December 21, 2007. He then appealed to the Puerto Rico Supreme Court, which also denied his petition on July 11, 2008.

On May 15, 2009, Petitioner petitioned this court for a writ of habeas corpus alleging violations of his Sixth and Fourteenth Amendment rights.

CIVIL NO. 09-1430 (JAF/JP)      -3-

## II.  **LEGAL FRAMEWORK**

A petition for writ of habeas corpus may be brought forth by a person in custody pursuant to the judgment of a state court if such custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A writ of habeas corpus may not be granted unless the petitioner satisfies certain requirements, including showing (1) that he or she has exhausted the remedies available in the courts of the state, (2) that there is an absence of available state corrective process, or (3) that circumstances exist that render the process ineffective to protect his or her rights. Id. § 2254(b).

In addition, a habeas corpus petition may not be granted by a federal court with respect to any claim that was adjudicated on the merits in state court, unless the state court decision (1) was contrary to, or involved an unreasonable application of clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court.  Id. § 2254(d).  Following this same reasoning, Section 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting

CIVIL NO. 09-1430 (JAF/JP)    -4-

>     the presumption of correctness by clear and convincing
>     evidence.

<u>Id.</u> § 2254(e)(1).

If the petitioner has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing unless Petitioner shows that (A) his claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  <u>See</u> <u>id.</u> § 2254(e)(2).

### III. **ANALYSIS**

Respondent argues that the Court should dismiss Petitioner's petition because of his failure to exhaust available remedies in the Commonwealth courts. Even if Petitioner has exhausted his available remedies, Respondent argues that Petitioner has failed to allege a violation of a federal constitutional right and also that Petitioner's claims are untimely.

A prisoner under sentence of a Commonwealth court must exhaust remedies available under Commonwealth law before petitioning the

CIVIL NO. 09-1430 (JAF/JP)      -5-

federal court for a writ of habeas corpus. See § 2254(b)(1)(A). A petitioner has not exhausted available remedies "unless and until the substance of those claims has been fairly presented to the [Commonwealth's] highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). The petitioner bears the burden of showing that "he tendered his federal claim [to the Commonwealth's highest court] in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." See id. (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000))(internal quotation marks omitted).

Respondent states that Petitioner did not directly appeal his conviction. A review of the petition supports this statement. Petitioner provides no explanation for his failure to directly appeal his judgment of conviction. On or about April 9, 2007, almost two years after he pled guilty, Petitioner filed his Rule 192.1 motion before the First Instance Court, Utuado Superior Court. In the resolution, the First Instance Court noted that prior to the Rule 192.1 motion, Petitioner had filed, on August 18, 2006, a document entitled "Motion Requesting Special Remedy to Amend Sentence, Under the Discretional Power of the Court" (Docket No. 25, Exh. 1). Petitioner's motion to reduce his sentence was denied as was his appeal of that motion. Id.

CIVIL NO. 09-1430 (JAF/JP)      -6-

    The First Instance Court held an evidentiary hearing on the Rule 192.1 motion. At that hearing, Petitioner testified that he pled guilty because he understood that he would only serve 5 to 10 years in jail and that when he pled and signed the document he did not know what he was signing and did not read it. <u>Id.</u> The First Instance Court noted the contradictions in Petitioner's testimony; at another point, Petitioner testified that he was told he would be sentenced to 40 to 45 years at most and signed the agreement on that basis. <u>Id.</u> The court also pointed out that Petitioner claimed that he had problems hearing; however, he did not present any medical evidence of his condition. <u>Id.</u> In addition, Petitioner did not present the testimony of the witness summoned on his behalf. <u>Id.</u>

    Also, the First Instance Court noted that, when Petitioner filed the previous motion to have his sentence reduced, he at no time stated that he did not understand the process or charge his attorney with legal misrepresentation. <u>Id.</u> Further, the court noted that the Appeals Court, who affirmed the earlier denial of Petitioner's motion to reduce his sentence, specifically had pointed out that Petitioner never alleged in his motion that his plea agreement had been involuntary. <u>Id.</u> The First Instance Court ultimately found, based on the record, that Petitioner's testimony was not credible, that he was duly counseled and that he understood the plea agreement when he

CIVIL NO. 09-1430 (JAF/JP)     -7-

signed it. Id. Thus, the court denied Petitioner's Rule 192.1 motion. Subsequently, Petitioner appealed the decision. Id.

The Appeals Court of Puerto Rico affirmed the lower court's findings, noting that during the earlier hearing Petitioner acknowledged his signature on the plea agreement and he recognized that the document he signed reflected the number of years he was to serve (Docket No. 25, Exh. 2). The Appeals Court also cited to the contradictory testimony of Petitioner during said hearing and found that Petitioner failed to show with clear evidence that the sentence was illegally imposed and it held that the sentence was within the limits established by law. Id. Accordingly, the Appeals Court found no reason to set aside the lower court's determination. Id. On July 11, 2008, the Supreme Court of Puerto Rico denied certiorari (Docket No. 25, Exh. 3).

In his petition (Docket No. 3), Petitioner fails to provide any factual allegations to support his claims under the Sixth and Fourteenth Amendments. Petitioner states without more detail:

> Counsel performance was deficient to the extreme that it fell below the objective standard of reasonableness. Counsel error was so serious that it prejudiced the petitioner defense and right, if not the outcome of the proceeding would have been a different result.

In order to avoid dismissal, Petitioner must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp

CIVIL NO. 09-1430 (JAF/JP)      -8-

v. Twombly, 550 U.S. 544, 555 (2007). The Court of First Instance after holding an evidentiary hearing and providing Petitioner with the opportunity to testify and present evidence found Petitioner's claims baseless and his testimony not credible. The First Circuit Court of Appeals holds that "a finding of fact by the state court is entitled to great deference." Pettiway v. Vose,  100 F.3d 198, 202 (1st Cir. 1996)(citing 28 U.S.C. § 2254(d)). In this case, Petitioner has not met his "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Upon a review of the record, Petitioner provides mere conclusory statements devoid of any factual enhancement and for the first time in his petition alleges that he was under the influence of controlled medical substances at the time he signed his plea agreement. As such, we find Petitioner's allegations of constitutional violations insufficient.

   In accordance with Rule 11 of the Rules Governing § 2254 Proceedings, whenever the Court issues a final order adverse to the applicant we must concurrently determine whether to issue a certificate of appealability ("COA"). The Court grants a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-

CIVIL NO. 09-1430 (JAF/JP)        -9-

<u>El v. Cockrell</u>, 537 U.S 322, 338 (2003)(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). Here, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

For the foregoing reasons, we hereby **GRANT** Respondent's motion to dismiss and **DISMISS** Petitioner's § 2254 petition.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of November, 2011.

                                             <u>S/JOSÉ ANTONIO FUSTÉ</u>
                                              JOSÉ ANTONIO FUSTÉ
                                      UNITED STATES DISTRICT JUDGE